**SUPERIOR PACKING CO. v. PORTER, Price Administrator.**

No. 13305.

Circuit Court of Appeals, Eighth Circuit.

July 5, 1946.

Rehearing Denied Sept. 5, 1946.

Richard S. Felhaber, of St. Paul, Minn., and Theodore E. Rein, of Chicago, Ill. (Alexander T. Spare, of Chicago, Ill., and Gustav A. Larson, of St. Paul, Minn., on the brief), for appellant.

David London, Chief, Appellate Branch, Office of Price Administration, of Washington, D. C. (George Moncharsh, Deputy Administrator for Enforcement, Milton Klein, Director, Litigation Division, and Nathan Siegel, Sp. Appellate Atty., all of Washington, D. C., and George E. Leonard, Regional Litigation Atty., of Chicago, Ill., and Harris J. Nuernberg, Dist. Enforcement Atty., and Amherst Tautges, Enforcement Atty., Counsel for Price Administrator, Office of Price Administration, both of St. Paul, Minn., for appellee.

Before GARDNER and THOMAS, Circuit Judges, and DUNCAN, District Judge.

THOMAS, Circuit Judge.

This is an appeal from a judgment for the plaintiff in an action brought by the Administrator, Office of Price Administration, against the defendant, Superior Packing Company, to recover treble damages under § 205(e) and for an injunction under § 205(a) of the Emergency Price Control Act of 1942, 56 Stat. 23, as amended, 50 U.S.C.A.Appendix, §§ 901–946.

The defendant slaughters beef at its plant in St. Paul, Minnesota, and ships and sells its products at wholesale to customers in Boston, New York, and other eastern cities. The judgment appealed from awarded statutory damages for the alleged violation of Revised Maximum Price Regulation (RMPR) No. 169 and Maximum Price Regulation (MPR) No. 398 in failing to deduct a 25 cents per hundredweight discount for meat sold and delivered in carload lots; and for making a 25 cents per hundredweight delivery charge in violation of RMPR No. 169. The judgment also granted injunctive relief.

The sections of the Regulations under the Act referred to above are as follows:

RMPR 169, § 1364.453(b). "Carload discount. For all beef carcasses and/or beef wholesale cuts and/or other meat items subject to this subpart B and § 1364.453 and § 1364.454, *delivered* in a *straight* or *mixed carload shipment* or *sold as a part* of a straight or *mixed carload sale,* the seller shall deduct 25 cents per hundredweight from the applicable price." (Italics supplied.)

RMPR 169, § 1364.455(a) (2). "Carload" means:

"(i) A *shipment by rail* of fresh or frozen wholesale meat cuts * * * *to a single delivery point,* of at least the minimum weight upon which the railroad carload rate from the point of shipment to the delivery point, as evidenced by the tariffs of railroad carriers, is based." (Italics supplied.)

MPR 398, § 15(b). "Carload discount. For all variety meats and edible by-products delivered in a straight or mixed carload shipment or sold as a part of a straight or mixed carload sale, the seller shall deduct 25 cents per hundredweight from the applicable zone price."

The facts are not in dispute. The alleged violations for failure to deduct the 25 cents per hundredweight discount occurred between October 6, 1943, and October 4, 1944. Only carloads of meat weighing more than 15,000 pounds are involved. During the period under review the defendant shipped 10,218,732 pounds of beef carcasses and cuts of beef, subject to RMPR No. 169 but did not deduct from the zone prices the carload discount of 25 cents per hundredweight amounting to $25,546.82, and 1,442,757 pounds of variety meats and edible by-products, subject to MPR No. 398 without deducting the 25 cents per hundredweight discount amounting to $3,606.89.

The practice of the defendant giving rise to the present dispute is illustrated by the shipment of its beef products to the city of Boston where it had four customers to whom it sold an average of one or more carloads a week during the period involved. The part of each carload sold to one of these customers was less than 15,000 pounds, but the total carload or the sum of the four sales exceeded that amount. The car was consigned to one party but the contents were labeled and invoiced to the several customers. Upon arrival of the car in Boston the consignee notified the purchasers each of whom thereupon picked up his portion of the shipment. The defendant paid the freight charges to Boston and each customer paid the transportation charges from the point of delivery to his place of business.

The question presented by these shipments is whether the carload discount provisions of RMPR No. 169 and MPR No. 398, supra, are applicable to actual sales of less than carload lots where the seller ships in carload quantities to a designated consignee and the buyers take possession and delivery from the point of destination of the carload. The answer to the inquiry depends upon the interpretation of the regulations.

The court held the failure of defendant to make the deductions on shipments of beef carcasses violated § 1364.453(b) of RMPR No. 169 and failure to make the deductions on variety meats violated § 15 (b) of MPR No. 398.

■ It was contended in the trial court and argued here that as construed by the Administrator the regulations are unconstitutional, and that they are invalid because the administrator did not obtain the approval of the Secretary of Agriculture

prior to their issuance pursuant to § 3(e) of the Emergency Price Control Act, 50 U.S.C.A. War Appendix, § 903(e). But it is conceded in the reply brief that we are not concerned with the validity of the regulations. The validity and the constitutionality of the regulations are matters exclusively within the jurisdiction of the Emergency Court of Appeals subject only to review by the Supreme Court. See Yakus v. United States, 321 U.S. 414, 429, 64 S.Ct. 660, 88 L.Ed. 834; United States v. Fish, 2 Cir., 154 F.2d 798; Bowles v. American Brewery, Inc., 4 Cir., 146 F.2d 842, 844; Rosensweig v. United States, 9 Cir., 144 F.2d 30, 33.

■ It is the law also that in determining the meaning of the regulations the court must look to the administrative construction if the meaning of the words used is in doubt. " * * * the ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation." Bowles v. Seminole Rock Co., 325 U.S. 410, 413, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700.

■ Without hesitation both the Administrator and the trial court construed these regulations to be applicable to defendant's practice of selling its beef products. The court in its opinion observed that "an analysis of the facts establishes that the particular meat was shipped by rail in carload quantities to a single delivery point to a single consignee at a rate which was less than the transportation [charges] for such shipment at the railroad less-than-carload rate." The defendant contends that such interpretation is erroneous in that it confuses the meaning by failing to distinguish the use of the term "shipment" from the use of the term "sale" as used in the regulations; and that the correct meaning of the regulations is that the carload discount applies only when a carload is sold and delivered to a single buyer. To support this contention defendant directs attention to paragraph G1 of the Statement of Considerations issued by the Administrator, under the heading "Carload Discount," which reads as follows:

"Provisions have been made in the regulation to allow for adjustment in price to cover extra costs involved. On the same basis a reduction in the price must be made where certain costs are not incurred. The base price in the regulation has been established for less-than-carload lots, whereas it costs less to sell in larger quantities. Recognizing this, the specified maximum prices are reduced 25 cents per hundredweight where 15,000 pounds or more of beef or mixed meats are delivered to a single destination in a carload shipment. This reduction roughly reflects the savings in handling and selling costs which are affected when a single buyer takes one delivery of a volume this large."

This statement seems to support the defendant's interpretation of the regulation. The plaintiff says the statement is for purposes of illustration only and can not be construed to conflict with the plain terms of the regulation which makes the discount applicable to beef carcasses "delivered in a * * * carload shipment or sold as a part of * * * a carload sale." And the court observed in its opinion that the regulations and not the Statement of Considerations are controlling. The most favorable construction, made with painstaking analysis, in favor of defendant's contention can do no more than cast a doubt upon the meaning of the words used in the regulation. The court can not, therefore, say that the administrative interpretation is "plainly erroneous." Bowles v. Seminole Rock Co., supra.

■ The regulations in unambiguous language compel the discount (1) upon a straight or mixed carload shipment delivered to a single delivery point, "or (2) sold as a part of a straight or mixed carload sale." The first of these conditions, and not the second, applies perfectly to the stipulated facts. Under defendant's practice the method of shipment and delivery, and not the number of purchasers, determines whether or not the discount applies.

Affirmed.